UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS ENRIQUE LEHDER,

          Plaintiff,

v.                                      Case No. 3:08-cv-690-J-20MCR

ERNST MUELLER, etc.; et al.,

          Defendants.

## ORDER

Plaintiff, a federal inmate confined in an undisclosed witness security facility, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) on June 26, 2008, pursuant to the mailbox rule. Plaintiff, proceeding pro se,[1] paid the $350.00 filing fee. He filed the Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2] He also relies on 42 U.S.C. § 1983 (civil rights

---

[1] The Court will liberally construe a pleading submitted by a pro se litigant. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

[2] "[A Bivens suit challenges the constitutionality of the actions of federal officials. 'The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the [42 U.S.C. §] 1983 action against state officials.'" Abella v. Rubino, 63 F.3d 1063,

actions against state officials) and 42 U.S.C. § 1981 (racial discrimination claims). The Defendants in this action are Ernst Mueller, former Assistant United States Attorney (hereinafter AUSA); James Klindt, former law clerk for the Honorable Howell W. Melton, United States District Judge (now Senior United States District Judge) and former AUSA; and, John Doe officials unknown to Plaintiff.

In his Brief in Support of Complaint (Doc. #1) (hereinafter Brief), three claims are raised: (1) a conspiracy to deprive a federal witness of agreed freedom; (2) a conspiracy to obstruct Plaintiff's appeal proceedings; and (3) a discriminatory disparity in the sentences given to the thirteen white American co-defendants under the same indictment and cooperation agreements and the sentence given to Plaintiff to be released at the age of seventy-five and one-half years, Plaintiff being a Columbian National.[3]

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to screen Plaintiff's case to determine whether the Complaint should be dismissed on the basis that it is

---

1065 (11th Cir. 1995) (per curiam) (quoting Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir. 1980)).

[3] Plaintiff received a sentence of fifty-five years, without parole, in United States of America v. Carlos Enrique Lehder-Rivas, Case No. 81-82-cr-J-12. The Court takes judicial notice of this criminal case.

frivolous or malicious, it fails to state a claim upon which relief may be granted, or it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(A).[4] "[B]ecause Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. 28 U.S.C. § 1915A; Thompson v. Hicks, 213 Fed. Appx. 939, 942 (11th Cir. 2007) (per curiam)." Gunn v. Jarriel, No. CV 306-039, 2007 WL 2317384, at *4 (S.D.Ga. Aug. 10, 2007). See Johnson v. Baker, No. CV 306-100, 2007 WL 4995540, at *1 (S.D.Ga. Sept. 26, 2007) (stating that a prisoner plaintiff who has paid the $350.00 filing fee is subject to the 28 U.S.C. § 1915A screening process).

In his first ground, Plaintiff complains that he was not given a substantial and meaningful sentence reduction after giving testimony and rendering assistance in the government's case, United States v. Manuel Noriega, Case No. 88-79-Cr-Hoeveler, even though the Noriega prosecutors recommended a substantial and meaningful reduction of sentence due to Plaintiff's extraordinary and

---

[4] Plaintiff has paid the $350.00 filing fee. The Court notes that § 1915A authorizes the screening and dismissal of prisoner lawsuits regardless of the prisoner litigant's fee status. See Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000) ("this court joins the Second, Fifth, Sixth, and Seventh Circuits in holding that § 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee").

3

significant cooperation in the <u>Noriega</u> case.  Brief at 4. Plaintiff complains that AUSA Mueller recommended that he not receive a court appointed attorney for the Rule 35 proceeding, that Plaintiff not be granted an evidentiary hearing on the proceeding, and that the District Judge impose a sentence that the prosecutor recommended.  Plaintiff asserts that Judge Melton denied a Rule 35 evidentiary hearing, denied the appointment of counsel and sentenced him to fifty-five years, without parole.  Plaintiff contends that a life sentence reduced to a sentence of fifty-five years without parole "is a *de facto* a [sic] humanly undoable sentence without effectiveness of freedom."  Brief at 5.

Plaintiff asserts that Judge Melton's law clerk at the time, James Klindt, jointly with AUSA Mueller, persuaded Judge Melton to dispossess Plaintiff of a substantial reduction of sentence at the same level as the sentence imposed by the Court to the thirteen white co-defendants.  He claims that AUSA Mueller and law clerk Klindt caused Plaintiff to be subjected to an unconstitutional sentence.  Plaintiff contends he was racially discriminated against by AUSA Mueller and by Judge Melton.

Generally, Plaintiff contends that there was a breach of the cooperation agreement resulting in an unconstitutional sentence, depriving him of his due process and equal protection rights under the Fifth Amendment of the United States Constitution.  Plaintiff alleges that the whole process was tainted by racial bias.

4

Plaintiff has attached to the Complaint the Order on Defendant's Motion for Reduction of Sentence in Case No. 81-82-cr-J-12. Exhibit #02. It states that the *pro se in camera* motion for reduction of sentence pursuant to former Rule 35(b), Fed.R.Crim.P., applicable to offenses committed before November 1, 1987, was filed on October 7, 1992. Exhibit #02. The motion was granted on January 19, 1994. Id.

The Court takes judicial notice that James Klindt was already an AUSA in 1989, as reflected by this Court's records.[5] The Court takes judicial notice of Case No. 3:89-cr-96-20 (with the docket showing that James R. Klindt of the United States Attorney's Office was added as a government attorney on June 30, 1989), and Case No. 3:89-cr-123-20 (with the docket showing that James R. Klindt of the United States Attorney's Office was added as a government attorney on August 17, 1989). Therefore, Plaintiff's allegation of a conspiracy between James Klindt, as Judge Melton's law clerk, and AUSA Mueller, is both fantastical and unsupportable. James Klindt was already an AUSA when Plaintiff's motion for reduction of sentence was filed in 1992.

---

[5] According to a Department of Justice press release dated October 26, 2007, entitled "Acting U.S. Attorney Klindt Appointed U.S. Magistrate Judge Acting First Assistant O'Neill Tapped to be Interim U.S. Attorney," James R. Klindt had been a federal prosecutor in Jacksonville, Florida since December 1988. http://ww.usdoj.gov/usao/flm/pr.

5

In ground one, Plaintiff complains of the actions taken by Defendants Mueller and Klindt from 1992 through 1994. This claim would be barred by the statute of limitations. In all § 1983 actions, the state limitations statute governing personal injury claims should be applied. See Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under Wilson, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Florida Statute § 95.11(3). The same would be true of a Bivens action. Dennis v. U.S. Dep't of Justice, 228 Fed. Appx. 861, 863 (11th Cir. 2007) (per curiam) (recognizing that a Bivens action is subject to the same statute of limitations that applies to a complaint raised pursuant to 42 U.S.C. § 1983) (citing Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996)).

In sum, the appropriate limitations period for Plaintiff's federal constitutional claims is four years:

> The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries. See Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (stating that state statutes of limitations for personal injuries govern § 1983); Baker v. Gulf & Wester Industries, Inc., 850 F.2d 1480, 1482 (11th Cir. 1988) (stating that Fla. Stat. Ann. § 95.11(3) provides for a four-year limitations period for personal injuries).

Omar ex. re. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (appendix). Additionally, a four-year statute

6

of limitations period would apply to any discrimination claim raised pursuant to 42 U.S.C. § 1981. Baker v. Birmingham Bd. of Educ., No. 07-12349, slip op. at 2556-58 (11th Cir. June 25, 2008).

As stated above, the above-mentioned allegations in Plaintiff's Complaint concern events that allegedly occurred from 1992-1994. Plaintiff's action is barred by the statute of limitations and is due to be dismissed as frivolous. See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

In his third ground, Plaintiff complains that there was discriminatory disparity in the sentences given to the thirteen white American co-defendants compared to the sentence received by Plaintiff, a Columbian National. He claims this disparate sentence has subjected him to cruel and unusual punishment under the Eighth Amendment of the United States Constitution. He claims the disparity in sentences was due to racial bias by the prosecutor, AUSA Mueller. The third ground would also be barred by the four-year statute of limitations and is due to be dismissed as frivolous since the sentence reduction occurred in 1994.

Furthermore, liberally construing Plaintiff's *pro se* pleading, the Court finds that Plaintiff is essentially presenting habeas corpus claims challenging his sentence in the first and third

grounds of the Complaint. He is basically claiming that there was a breach of the cooperation agreement and he did not receive a constitutional sentence. This is not the first time Plaintiff has raised these claims. He raised them in a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, in Case No. 3:99-cv-1166-J-20.[6] The case was dismissed without prejudice for Plaintiff to seek authorization from the Eleventh Circuit to file a second or successive habeas corpus application.[7]

Plaintiff, on March 28, 2000, was denied leave, by the Eleventh Circuit, to file a second or successive motion to vacate pursuant to 28 U.S.C. § 2255. The Court takes judicial notice of In re: Carlos E. Lehder, Case No. 3:00-mc-44-J.

Plaintiff filed a fourth successive motion to vacate in sealed Case No. 3:04-cv-338-J-25. Since the orders in that case were filed *in camera*, the Court will simply reference the docket showing the case was closed on May 12, 2004.

---

[6] In the petition, Plaintiff complained about discriminatory sentencing, of not receiving an evidentiary hearing on his Rule 35(b) motion, of the Court not appointing him counsel for the Rule 35(b) motion, about disparity in sentence reductions for the multiple co-defendants compared to Plaintiff, and about his sentence evidencing discriminatory intent and effect and violating the Eighth Amendment.

[7] Plaintiff's first motion for post conviction relief pursuant to 28 U.S.C. § 2255 was denied, and his second motion was granted in part and denied in part. See Case No. 3:99-cv-1166-J-20, Order of Dismissal Without Prejudice (Doc. #5), filed January 14, 2000.

Plaintiff also filed a motion for an evidentiary hearing on his Rule 35 motion to reduce his sentence in Case No. 3:81-cr-82-J-25, which was denied. See 3:81-cr-82-J-25 (Doc. #1476, filed August 22, 2005), Eleventh Circuit Opinion of June 22, 2005 (per curiam). He complained that the United States Attorney's Office failed to file a Rule 35 motion to reduce his sentence, breaching an agreement that the Office file such a motion. The Eleventh Circuit affirmed the decision of this Court because "Lehder-Rivas failed to demonstrate-by allegation or proffer of evidence-that the USAO's decision not to file a Rule 35 motion was based on an unconstitutional motive." Id.

Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the motion. In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Without authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider Plaintiff's successive habeas claims. Plaintiff cannot circumvent the habeas corpus procedures simply by re-labeling or couching his claims in terms of civil rights allegations.

With respect to any allegations against Judge Melton, a United States District Judge, the Court notes that judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear

absence of all jurisdiction. <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam); <u>Simmons v. Conger</u>, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even if the judge's acts are in error, malicious, or were in excess of his jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978). Because Plaintiff challenges the actions taken by the judge during the proceedings in Plaintiff's criminal case, it is clear he is absolutely immune from suit in performing these judicial responsibilities. <u>Sun v. Forrester</u>, 939 F.2d 924, 925 (11th Cir. 1991) (citations omitted), <u>cert. denied</u>, 503 U.S. 921 (1992). "Although the doctrine of judicial immunity applies to both suits for damages and suits seeking injunctive and declaratory relief, this rule applies to protect federal judges." <u>Jarallah v. Simmons</u>, 191 Fed. Appx. 918 (11th Cir. 2006) (per curiam) (citing <u>Bolin</u>, 225 F.3d at 1242).

With respect to any claims against AUSA Mueller and against Jim Klindt as an AUSA, "[p]rosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." <u>Bolin v. Story</u>, 225 F.3d at 1242 (citing <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976), <u>Jones v. Cannon</u>, 174 F.3d 1271, 1281 (11th Cir. 1999), <u>Fullman v. Graddick</u>, 739 F.2d 553, 558-59 (11th Cir. 1984)). <u>See</u> <u>Allen v. Thompson</u>, 815 F.2d 1433, 1434 (11th Cir. 1987) (per

curiam) (applying prosecutorial immunity to the actions of Assistant United States Attorneys in responding to the Parole Commission). In sum, "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004)(citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).

In ground two, Plaintiff claims that Judge Melton's law clerk, James Klindt, dispossessed Plaintiff of his right to appeal his sentence of fifty-five years by withholding the Judge's reconsideration of the sentence. Plaintiff states that on January 31, 1994, he filed a motion for reconsideration of the imposed sentence, explaining that he had not received the Court's January 19, 1994, Order on the Rule 35 motion until January 27, 1994. Plaintiff advised the Court that he would supplement his motion to reconsider. Plaintiff states he filed a supplemental motion on March 10, 1994. The motion for reconsideration was denied on April 17, 1994. Plaintiff states that he did not receive the order until April 28, 1994, and it was not mailed from the Clerk's Office until April 25, 1994. Plaintiff states that on May 5, 1994, he filed a pro se notice of appeal "to the Eleventh Circuit." Brief at 7. He complains that due to "the District's" mishandling of the notice of

appeal, the Eleventh Circuit dismissed the appeal as untimely.[8] Plaintiff explains that during this period, he was in a Bureau of Prison's Witness Protection Unit under stringent security address and mailing precautions.

Plaintiff alleges that James Klindt was a law clerk for Judge Melton, from 1987 to 1994. Id. at 8. Of course, as previously noted, James Klindt was not a law clerk for Judge Melton in 1994, when the events about which Plaintiff complains in ground two allegedly took place. He was already an AUSA. Therefore, the allegations that James Klindt, as a judicial law clerk, somehow obstructed the mail, withheld Judge Melton's reconsideration of the sentence and delayed Plaintiff's notice of appeal are nonsensical and frivolous.[9]

Finally, this ground is clearly barred by the four-year statute of limitations. All of the alleged events in ground two occurred in 1994.

Accordingly, for all of the above-stated reasons, it is now

**ORDERED:**

---

[8] This claim is not a model of clarity. Plaintiff has failed to describe the mishandling by the "District." The mailing of Court orders would be the responsibility of the Office of the Clerk of the Court, not judicial staff. Once that mail was sent to the secured address provided by Plaintiff, it would no longer be under the Clerk's realm of responsibility.

[9] Moreover, non-judicial officials "are encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.'"

1. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A, and the Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of July, 2007.

```
                                    /s/
                        UNITED STATES DISTRICT JUDGE
```

sa 7/15
c:
Carlos Enrique Lehder

13